NF

In The United States District Court for The Northern District of Illinois

Commodore Jackson

v.

SRgt. Sandoval, #1079, et al.

RECEIVED

NOV 06 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# Motion For Leave To File a Late Civil Rights Complaint

1:19-cv-07327
Judge: Amy J. St. Eve
Magistrate Judge: Jeffrey T. Gilbert
PC 5

## I.

(1) Pursuant To The Federal Rules of Civil Procedure That Would grant Access To This Court petitioner Submits This motion To File a Late Civil Rights Complaint. See Fed. R. Civ. P. Rule 6; (b)(1)

## II. "Reasons"

(2) Petitioner Commodore Jackson Contends That Danville Corr. Ctr. Mailroom Staff had Impeded Access To The Courts And Induced The untimely Filing of Civil Suit

(See Reverse Side)

(3) Thereby Returning Mail That had Been Forwarded To Civilian Office of Police Accountability and C.P.D. Bureau of Internal Affairs.

Plaintiff's Due Diligence in Attempting To Obtain Body Cameras Videos of Arrest and Seizure of his person and property Was Precluded And Exhibit "A" Will Substantiate This Fact as petitioner Was

(4) Required To Sign for The Receipt of Outgoing Mail That had Been Specifically Forwarded To Above Listed Agencies.

(5) See Exhibit "A": "Legal / Privileged Mail Proof of Service Form." (Attached Hereto.)

Significantly Because Mail Was not Forwarded To Internal Affairs etc. due To Danville Mailroom Staff's Evil Intent, Negligence, and or Retaliation

(6) Plaintiff's First Amend. Right To Access The Courts Was Violated. see Lewis Vs. Casey, 518 U.S. at 351-53 (1996).

III:

(7) Furthermore, it Should Be Well Noted That The Exhaustion of Administrative Remedies Reguarding Access To The Courts Denial has Been Satisfied in Accordance To 42 U.S.C. Sec. 1997(e)(a). For More Information See Exhibit "B":

(8) (1) Grievance Dated Dec. 7TH 2018, (Numbered 92) Counselor Response thereto.

(2) Grievance Officer Response dated: April 30TH 2019.

&

(3) Admin. Review Board's Response dated June 4TH 2019.

(Note: Above Exhibits Enclosed / Attached)

See Reverse Side

See Reverse Side

(9) However, Another Reason petitioner Request This Court To grant This Motion for Leave To file a Late Civil Rights Complaint is The fact That petitioner had not Seen The Video's footage a full fifteen Months After Arrest. To Be understood more Clearly, Please Allow me The Chance To Expound.

IV.

(1) Plaintiff was Arrested On Approx. July 27-28th of 2017.

(2) Motion To Suppress Hearing had Been held prior To view of Videos

&

(10) (3) Plaintiff Was Shown Videos On Oct. 23rd 2018. Which was One day prior To Scheduled Trial Date.

Thus, The Tardy Access To Video Contents is One of The many Reasons Why petitioner's Knowledge

(See Reverseside)

(11) of Officer Sandoval Misconduct was Stagnated (U.S. Const. VI and XIV. Amdt. Rights Violations) see U.S. vs. Márquez-Pérez, 835 F.3d 153, 165-66 (1st Cir. 2016.

(12) Significantly the fifteen month delay therewithout the view of video had led petitioner to believe that there was no video.

See Exhibit "C" a Response letter from the U.S. Dept. of Justice dated Feb. 27th 2019 (Attached / Enclosed hereto)

√.

(13) But perhaps the most Significant Information is Exhibit "F", Where by Affidavit petitioner Swore That I had instructed Counsel Morgan To Allow me To view The Disc. Please note, That the Affidavit had Been Notarized On Sept. 6th 2018 Trial was Scheduled To Commence on Oct. of 2018. Counsel ineffectiveness delayed The filing of a Civil Action.

(14) Moreover, Because Officer Sandoval #1079 is Seen With uninventoried Money and Marihuana in his possession in At Least Three of The Ten Body Camera Footages prison Officals Impeding of Mail forwarding had prevented petitioner from Filing a Forfeiture Claim, So as To

(15) Challenge The Seizure and or Seek The Return of property. U.S. Const. 1st, IV; V; VI; and XIV; Const. Rights Violations. Evenmoreso, Because plaintiff's phone privileges Were Terminated Coupled With The Thwarting of Mail forwardings, plaintiff had had No Other Way To investigate Case / Access The Courts. see Turner Vs. Safley 482 U.S. 87 (1987).

(See Reverse Side)

(16) Copa Officials Were Responsible also as Several, prior Freedom of Information Act Request and Complaints Requiring Investigation Was ignored Although if The uninventory of Money and marijuana had Been properly Noted and Re-

(17) Corded Such Misconduct on Behalf of Officer Sandoval #1079 Would have invoked The Exclusionary Rule and Therefore precluded Other Evidence That was Seized from Being introduced at Motion To Suppress Hearing.

# VI. Conclusion

Wherefore The Various Reasons Listed Above petitioner Jackson prays That This Court grant This motion for Leave to file a Late Civil Rights Complaint.

Commodore Jackson
#R59842
3820 E. Main St.
Danville IL.
61834

Exhibit: A



ILLINOIS DEPARTMENT OF CORRECTIONS

DANVILLE CORRECTIONAL CENTER

# LEGAL / PRIVILEGED MAIL PROOF OF SERVICE

Inmate Name: Jackson, Commodore Inmate Number: R59842

Housing Unit/Wing/Cell: 3D21 Date: 12/3/18

☑ Legal: Return to Sender

☐ Privileged:

☐ Express:

☐ Insured / Registered:

Name of Sender: COPA Guy Westensee Chief Investigator

Inmate's Signature: [signature]

Officer's Name: ______ / ______

Print Name Sign Name

***Return White Copy to Mailroom.***

Distribution: Mailroom
Inmate

Printed on Recycled Paper

DAN 0035 (Eff. 06/2005)
(Replaces DCA 24109)

Exhibit: B-I Pg 9 of 15 Pg 1 of 2

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

3-D-21 000092

| Date: Dec. 7th 2018 | Offender: (Please Print) Commodore Jackson | ID#: R59842 |
|---|---|---|
| Present Facility: Danville CC. | Facility where grievance issue occurred: Danville CC | |

**NATURE OF GRIEVANCE:** Retilation Cruel Unusual Punishment

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA Access To Courts
- [x] Other (specify): Violation of Rules

- [ ] Disciplinary Report: N/A (Date of Report) N/A (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor. Pg. 1 of 2
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Pursuant To 504.810 grievant Submitts This grievance Reguarding The Facility Mailroom Staff who had forwarded Outgoing Mail Back To grievant without Following Specific Mailroom policies. Said mail was properly Addressed To Deputy Chief Administrator - Chief Investigator: Jay Westensee at 1615 W. Chicago Ave 4th Floor; Chicago, Il. 60622. However, After Receiving Orders From Chief Westensee To Contact CPD Bureau of Internal Affairs Reguarding Complaint log Number

**Relief Requested:** ① Access To The Courts. ② Reimbursement of Funds used To Forwarded Mail. ③ That Retaliation For Exercising Protected Conduct End. ④ Name of MailRoom Staff Responsible For Sending Mail Out. ⑤ That Counselor Contact Deputy Chief Westensee For Grievant.

- [x] Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Commodore Jackson | R59842 | 12, 7, 2018 |
|---|---|---|
| Offender's Signature | ID# | Date |

Pg. 1 of 2

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 12, 19, 18

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Spoke with mail room supervisor and she said that the U.S Postal Service sent your letter back not Danville CC

| Wilcoxen | [signature] | 12, 19, 18 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

**EMERGENCY REVIEW**

Date Received: 12, 11, 18

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

[signature] — Chief Administrative Officer's Signature — Date: 12, 11, 18

DEC RECD RECEIVED GRIEVANCE OFFICE

Ex. B-1 Pg. 10 of 15

Pg. 2 of 2

000092

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

L09L654 (I) Attempted To Respond with a Freedom of Information Act Requesting Significant Evidence Relating To Current Case of imprisonment. (See People Vs. Jackson NO: 12235) Said Correspondence Was Returned without any "Reasonable Relationship" To a legitimate penological goal. See Turner VS. Safley, 482 US. 87 (1987) Therefore The Thwarting of Letter To Chicago Officer of C.O.P.A. Was a Violation of Grievant's U.S.C. CONSTITUTIONAL 1st Amend. Right To Access The Court. U.S. Const. XIV, Amdt. Violation Also. The State is Thus On Notice of Future prosecution of This Claim. Moreover, It must be well noted That Grievant has Attempted To Follow The instructions That Chief Westensee Ordered Thereby writing CPD Bureau of Internal Affairs. However, The status on This particular Correspondence is unknown.... Nevertheless, There is Some Authority on This particular Type of Mis-Conduct. See, Chappell Vs. Rich 340 F.3d 1279, 1283 (11th Cir 2003) Holding That "Interference with The right of Court Access by STATE AGENTS who intentionally Conceal The True Facts About a Crime may Be Actionable as a deprivation of Constitutional Rights". Significantly The missive Aforementioned Herein Was About a Criminal Investigation unto The Official Misconduct of The Officer, Thus The Thwarting of This particular Due dilligence may delay Filing of Future petitions and other legal Documents. See 42 U.S.C. 1997(e)(a). Danville CORR. CTR. Rule Book grants Access To The Courts By way of Correspondence. Thus, I am inquisitive as To why Such predicates are ignored By mailRoom staff. Moreover, prisoner Correspondence Can Be Traced Back To Ancient Times.... And if prison staff had Thwarted Those "letters," We would not Be Blessed with The Holy Scriptures of The New Testament.... End of Grievance.

Exhibit: B-2 Pg. 11 of 15

**Date Received: 2/7/19** **Date of Review**: 4/30/19 **Grievance #:92** 3-C-57

**Committed Person: Jackson, Commodore** **ID# R59842**

Grievance Response: #92-- mail returned to offender --GRIEVANCE RESPONSE-- Grievant states that he tried to send out a letter and the mailroom returned it to him(Jackson). Offender states the letter was returned without any reason as to why it was being returned.

Relief Requested: Access to the courts. Reimbursement of the funds used to forward the mail. That retaliation for exercising protected conduct end. Name of mailroom staff responsible for sending mail out. That Counselor contact Deputy Chief Westensee.

Reviewed: Mailroom Supervisor Yerem states that the letter was sent back by the US Postal Service and not by this facility.

Recommendation: Based on a review of all available information this grievance officer recommends this grievance be Denied. Per Mailroom Supervisor Yerem, the letter was returned by the U.S. Postal Service abd not this facility.

R Luechs
Print Grievance Officer's Name

[signature]
Grievance Officer's Signature

**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

**Chief Administrative Officer's Response**

**Date Received:** 1 MAY 19

☑ I concur ☐ I do not concur ☐ Remand

**Comments:**

[signature]
Chief Administrative Officer's Signature

5 / 1 / 19
Date

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Commodore Jackson
Committed Person's Signature

R59842
ID#

MAY, 7th 2019
Date

| Field | Value | Field | Value |
|---|---|---|---|
| Inmate Id: | R59842 | Ret Form Ind: | |
| Name: | JACKSON, COMMODORE | Modify Ind: | |
| Chair Code: | DAWH | Deny Ind: | |
| Grv Type: | L | Favorable Ind: | |
| Grv Code: | MAILROOM | Deferred Ind: | |
| Receive Date: | 05/31/2019 | Moot Ind: | |
| Hearing Date: | 00/00/0000 | Grievance Number: | 92 |
| Mailing Date: | 00/00/0000 | Incident Number: | |
| Grv Loc: | DANVILLE CC | Incident Date: | 00/00/0000 |
| Hearing Loc: | DANVILLE CC | Incident Inst: | |
| | | Date Receipted: | 06/04/2019 |

Comments: GRV# 92 DTD 12/7/18 GRVS MAILROOM SENT OFFENDER'S LETTER TO BE MAILED OUT BACK TO OFFENDER WITHOUT AND EXPLANATION

Exhibit: C Pg. 13 of 15



**U.S. Department of Justice**

Criminal Division

*Washington, DC 20530-0001*

February 27, 2019

Commodore Jackson #R-59842
PO Box 112
Joilet, IL 60434

Dear Mr. Commodore Jackson:

Thank you for writing the Attorney General. We have been asked to respond to you on his behalf.

Please understand that the Department of Justice can assume jurisdiction only when there has been a possible violation of the federal criminal statutes. From the information you provided, we are unable to ascertain whether any violations of this nature have occurred.

If you have reason to believe there has been a violation of the federal criminal statutes, and you have more specific evidence, you should contact your local Federal Bureau of Investigation (FBI) office, which is the investigatory arm of the Department of Justice. If the facts warrant, it will conduct an investigation and present the results to the appropriate United States Attorney's office for a prosecutorial evaluation. In the event any inquiry conducted by the FBI uncovers evidence of a violation of federal criminal law, the Department of Justice would be advised.

Additionally, the Department of Justice has no supervisory authority over local law enforcement. I suggest that you make your complaints known to the mayor or members of your city council, and perhaps the state's prosecuting attorney as well.

Again, we thank you for writing the Attorney General. We hope this information is helpful.

Sincerely,

Correspondence Management Staff
Office of Administration

Reference Number: SB300687871
*For further correspondence please email criminal.division@usdoj.gov. Should you wish to speak to a representative please call (202) 353-4641 and provide the reference number.*

Pg. 14 of 25



Attorney Samuel Morgan With The Following Instructions:

(2) To Allow Affiant To View Disc, and Footage Thereupon.

(3) To Perfect Impeachment Thereby

(a) Useing Subpoena To mandate All Arresting Officers presense So That Testifying Officers Are Not Allowed To Circumvent Impeachment Thereby shifting Blame and Responsibility on Absent Officers.

(b) To Use Suppression Hearing Motion To Impeach Sgt. Sandoval's Testimony Reguarding ISR (ie. Contact Card).

(c) To display To The view of The Courts The inconsistences between Sgt. Testimony and Actual position of Bathroom. (Suppress Hearing Transcripts Pg. 19 Lines 22).

Subscribed and Sworn To Before Me On This ___ Day of ___ 2018

OFFICIAL SEAL
K SANKEY
NOTARY PUBLIC - STATE OF ILLINOIS

Commodore Jackson
Commodore Jackson

State of Illinois
County of Vermillion

# Affidavit

That I Commodore Jackson, do hereby declare And Affirm That The following information Within This Affidavit is True and Correct in Substance And In Facts:

(1) That Everything Stated in The Attached Motion for Leave to file a State Civil Rights Complaint is True and Correct.

(2) That I Commodore Jackson had not been shown videos until a Day Before Trial Was To Commence.

(3) That I Commodore Jackson had Seen Officer Sandoval #1079 In Possession of uninventoried property in at Least Three Body Cameras Videos.

That I declare under The penalty of perjury That Every-Thing Contained herein is True and Correct to The Best of my Knowledge and Belief.

[signature]
10-30-19

State of Illinois
County of
This instrument was acknowledged
before me on

OFFICIAL SEAL
RYAN RUSSIAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/16/23

State of Illinois
County of Vermilion
This instrument was acknowledged
before me on 10-30-19
Ryan Russian
[signature]

State of Illinois
County of Vermillion

# Affidavit of Service

That I, Commodore Jackson, do hereby declare and Affirm that the following information within this Affidavit is True and Correct in Substance and in facts:

(1) That Enclosed With this Affidavit is a Motion for Leave To file a Late Civil Rights Complaint

(2) Above Motion for Leave... is fifteen pages Long

(3) That the following Documents Are Attached:

(1) Legal Mail, Proof of Service Form

(2) Grievance (2 Pages) Dated: Dec. 7th 2018

(3) Grievance Officer's Response Dated: April 30th 2019

(4) Administrative Review Boards Response

(5) U.S. Dept. of Justice Letter #SB30068787L

(6) Affidavit Dated: Sept. 6th 2018

That Aforementioned Motion And Said Documents Listed Above Were Mailed On This 30 day of 2019 To The U.S. Dist. Courts at 219 S. Dearborn, Chicago IL. 60604. Further Affiant Sayeth Naught.

[signature]

10-30-19

OFFICIAL SEAL
RYAN RUSSIAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/16/23

OFFICIAL SEAL
RYAN RUSSIAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/16/23

State of Illinois
County of Vermilion
This instrument was acknowledged before me on 10-30-19
By Ryan Russian
[signature]

United States Courthouse
20TH Floor
219 south Dearborn street
Chicago, Illinois 60604

Oct. 30TH 2019

Dear Clerk of The U.S. Courts:

Enclosed you will find a fifteen Page Motion for leave To File a Late Civil Rights Complaint under Fed. R. Civ. P. Rule 6,

Said Documentation is Complete therewith Exhibits, Affidavit of facts; and An Affidavit of Service.

Please file Said Motion and forward a filed Stamped Copy To the Address Below:

[signature]
Signature

Commodore Jackson
#R59842
3820 E. Main St.
Danville, IL.
61834

(Note: Motion and a Copy of Motion Enclosed.)

From: Commodore Jackson
#R59842
Danville Corr. Ctr.
3820 E. Main St.
Danville, IL.
61834

INMATE CORRESPONDENCE





11/06/2019-10

TO: United States Courthouse
Illinois Northern Dist.
219 South Dearborn St.
20th Floor
Chicago, IL.

1:19-cv-07327
Judge: Amy J. St. Eve
Magistrate Judge: Jeffrey T. Gilbert
PC 5

FILED
NOV 06 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2019 NOV -6 AM 8:20